George FEIGLEY, Petitioner,

v.

**DEPARTMENT OF CORRECTIONS**
and the Attorney General of
Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 1999.

Decided May 11, 1999.

George Feigley, pro se, petitioner.

Mark E. Guzzi, Camp Hill, for respondent, Dept. of Corrections.

Michael A. Farnan, Harrisburg, for respondent, Atty. Gen.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Presently before this Court are the preliminary objections in the nature of a demurrer filed by the Department of Corrections (DOC) and the preliminary objections in the nature of a demurrer filed by the Office of the Attorney General of Pennsylvania (OAG) in response to a *pro se* petition for review filed by George Feigley (Petitioner), seeking relief in mandamus. We hereby grant the demurrer of DOC and OAG.

Petitioner states that on January 7, 1998, while incarcerated at the State Correctional Institution at Huntingdon (SCI–Huntingdon),[1] he became aware of alleged inaccuracies in his prison records during an interview with a correctional counselor at that institution.[2] On the same day, Petitioner completed an inmate's request to staff member, detailing the alleged inaccuracies to the unit manager of his cellblock. Two days later, on January 9, 1998, the unit manager essentially informed Petitioner that his allegations were without merit.

The next day Petitioner filed a challenge of accuracy with the Secretary of the DOC, Martin F. Horn, pursuant to Section 2(c) of the Criminal History Record Information Act (Act), 18 Pa.C.S. § 9152(c). Secretary Horn instructed Petitioner to proceed through the inmate grievance system at SCI–Huntingdon. Petitioner utilized this system but his grievance was ultimately rejected. As his allegations were proceeding through this system, Petitioner also filed an appeal with OAG pursuant to Section 2(e) of the Act, 18 Pa.C.S. § 9152(e).

After receiving no response from OAG, in August of 1998, Petitioner filed a petition for review in this Court's original jurisdiction. Petitioner sought relief in the form of an order in mandamus requiring DOC to review and correct his prison records and requiring OAG to publish rules and regulations relating to criminal history records and to "promptly entertain" his appeal. Both DOC and OAG filed preliminary objections in the nature of a demurrer, averring that Petitioner's petition fails to state a cause of action upon which relief could be granted and fails to conform to Pennsylvania Rule of Civil Procedure Number 1019(h), Pa. R.C.P. No. 1019(h).[3] In addition, the preliminary objections of DOC alleged that Petitioner's petition contained scandalous or impertinent matter which it sought to be stricken.

Subsequently, on October 6, 1998, Petitioner re-submitted to this Court his petition for review. However, correcting his previous error, Petitioner attached the various exhibits he relied upon in support of his claim. Petitioner also served DOC and OAG with said petition and exhibits. By order of the same date, this Court overruled the preliminary objections of DOC and OAG with respect to Petitioner's failure to conform to Pa. R.C.P. No. 1019(h) and overruled DOC's preliminary

---

1. Petitioner was recently transferred to the State Correctional Institution at Smithfield.

2. Specifically, Petitioner claims that his prison records contain false allegations of institutional violence and the use of a gun in an attempted prison escape.

3. Pa. R.C.P. No. 1019(h) essentially provides that a party shall attach copies of any documents relied upon to support a claim.

objection with respect to its allegation of scandalous or impertinent matter. Additionally, we ordered that the remaining preliminary objection in the nature of a demurrer be submitted on briefs.

On October 9, 1998, Petitioner filed with this Court a motion for continuance for a period of six months to allow OAG to process his appeal. By order dated October 27, 1998, we treated said motion as a motion to stay and granted the same, with the requirement that Petitioner submit a status report within ninety days of the date of this order. By letter dated January 20, 1999, OAG informed Petitioner that a hearing had been scheduled with respect to his appeal for February 23, 1999, at the State Correctional Institution at Graterford (SCI–Graterford). Petitioner responded to OAG by letter dated January 25, 1999, waiving his right to a hearing and asking that his appeal be considered "on the basis of my written documents and the records themselves." [4]

Petitioner then submitted his status report to this Court on February 9, 1999. By order of the same date, this Court vacated the previous stay and established a briefing schedule with respect to the remaining preliminary objection in the nature of a demurrer. We now turn our attention to the merits of this remaining preliminary objection.

■ Petitioner's petition for review asserts that both DOC and OAG violated Section 2 of the Act, 18 Pa.C.S. § 9152, by failing to review and correct his criminal history records. Petitioner sought relief in the form of an order in mandamus requiring DOC to review and correct his prison records and requiring OAG to pub-lish rules and regulations relating to criminal history records and to "promptly entertain" his appeal. Both DOC and OAG filed preliminary objections in the nature of a demurrer averring that Petitioner failed to state a cause of action upon which relief could be granted.[5]

■ We begin by noting that mandamus is an extraordinary writ and will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Wassell v. Pennsylvania Board of Probation and Parole*, 658 A.2d 466 (Pa. Cmwlth.1995). Further, mandamus is not proper to establish legal rights, but is only appropriate to enforce those rights which have already been established. *Id.*

■ With respect to DOC, Section 2(d) of the Act, 18 Pa.C.S. § 9152(d), provides that criminal justice agencies, such as DOC, shall have sixty days to conduct a review of any challenge to the accuracy of an individual's criminal history records. In the instant case, Petitioner first questioned the accuracy of his criminal history records on January 7, 1998, by filing an inmate's request with the unit manager of his cellblock, detailing the alleged inaccuracies in his records. Two days later, on January 9, 1998, the unit manager essentially informed Petitioner that his allegations were without merit. In addition, Petitioner asserted his claims through the inmate grievance procedure and his claims were timely considered and rejected. Thus, DOC properly and timely considered Petitioner's claims and did not violate Section 2 of the Act.

---

4. Petitioner also later filed a motion for emergency injunction to prevent his temporary transfer to SCI–Graterford for an appeal hearing. OAG accepted Petitioner's waiver of his hearing and agreed not to temporarily transfer Petitioner. Hence, by order of this Court dated February 12, 1999, Petitioner's motion for emergency injunction was dismissed as moot.

5. In ruling upon preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded allegations of material fact and all inferences reasonably deducible therefrom. *Myers v. Ridge*, 712 A.2d 791 (Pa. Cmwlth.1998). The question presented by a demurrer is whether, on the facts alleged, the law says with certainty that no recovery is possible. *See Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993).

With respect to OAG, Section 2(a) of the Act, 18 Pa.C.S. § 9152(a), requires OAG to promulgate rules and regulations to implement the Act. OAG has complied with the Act and has published such rules and regulations. *See* 37 Pa. Code §§ 195.1–195.6. Moreover, Section 2(e) of the Act addresses appeals to the OAG. This Section provides an individual with thirty days to file an appeal from a ruling that his challenge is invalid, provides the OAG with the authority to conduct appeal hearings and provides an individual with the right to appeal a decision of the OAG to this Court. However, this Section fails to establish a time period within which OAG must render a decision.

Furthermore, in January of 1999, OAG scheduled a hearing on Petitioner's appeal. By subsequent letter, Petitioner waived such a hearing and asked that his appeal be considered on the record, including the written documents submitted by him to OAG. The evidence of record indicates that OAG is presently assembling all written documents and records and is considering Petitioner's appeal. Thus, OAG is "entertaining" Petitioner's appeal and is not in violation of Section 2 of the Act.

Accordingly, Petitioner's petition for review is dismissed.

### *ORDER*

AND NOW, this 11th day of May, 1999, upon consideration of the preliminary objections filed by the Department of Corrections and the Attorney General of Pennsylvania, said preliminary objections are granted and the petition for review filed by George Feigley is dismissed.