IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hubert Jackson,                          :
                     Petitioner          :
                                         :
          v.                             :
                                         :
Kathleen G. Kane,                        :
PA Attorney General,                     :     No. 487 M.D. 2014
                     Respondent          :     Submitted: September 18, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: December 23, 2015


          Pennsylvania Attorney General Kathleen G. Kane (AG) preliminarily objects to the Second Amended Petition for a Writ of Mandamus (Second Amended Petition) filed by Hubert Jackson (Jackson), in this Court's original jurisdiction, seeking a writ of mandamus against the AG.  There are two issues before the Court: (1) whether Jackson failed to pursue an adequate alternative remedy; and (2) whether Jackson's Second Amended Petition is legally sufficient because he is seeking to compel the AG to revise an order she did not issue regarding a hearing over which she did not preside.  After review, we sustain the AG's preliminary objections.

          Jackson is an inmate at the State Correctional Institution - Somerset.  On April 7, 2014, Jackson received his Criminal History Record Information (Criminal History) pursuant to the Criminal History Record Information Act (CHRIA).[1]  On May 5, 2014, Jackson challenged his Criminal History.  On May 14, 2014, the

_____
[1] 18 Pa.C.S. §§ 9101 - 9183.

Pennsylvania State Police (PSP) ruled Jackson's challenge invalid.[2] Jackson appealed from that ruling and a hearing was held on November 17, 2014 before Administrative Law Judge Lawrence M. Cherba (ALJ).[3] On January 7, 2015, Jackson filed a Petition for Writ of Mandamus (Petition) against the AG because he did not receive a decision from the November 17, 2014 hearing. By January 12, 2015 order, this Court directed the AG to file an answer or otherwise plead within 30 days of the order. On February 12, 2015, the AG filed preliminary objections to Jackson's Petition.[4] On March 9, 2015, Jackson filed an Amended Petition for Writ of Mandamus (Amended Petition). By March 11, 2015 order, this Court dismissed the AG's preliminary objections, and directed the AG to file an answer or otherwise plead within 30 days of the order.

By February 10, 2015 order, the ALJ denied Jackson's appeal from his Criminal History challenge. By April 1, 2015 order, this Court preserved March 2, 2015 as the filing date for Jackson's appellate jurisdiction challenge to that order and directed Jackson to file an appellate jurisdiction petition for review within 30 days of the order.

On April 10, 2015, the AG filed preliminary objections to Jackson's Amended Petition. On April 20, 2015, Jackson filed his Second Amended Petition still seeking a decision from the November 17, 2014 hearing on the basis that the

---

[2]

> [T]he State Police is the proper party to defend challenges to the accuracy of criminal history records pursuant to CHRIA. *See Clark v. P[a]. State Police,* 760 A.2d 1202 (Pa. Cmwlth. 2000) (noting that the State Police has the burden of proving the accuracy of criminal history record information under Section 9152 of [CHRIA]).

*Dunbar v. Pa. State Police,* 902 A.2d 1002, 1005 (Pa. Cmwlth. 2006).

[3] ALJ Cherba is the AG's Criminal Law Division Executive Deputy appointed by the AG to hear PSP appeals pursuant to CHRIA. *See* AG's Preliminary Objections to Jackson's Amended Petition Ex. C; Notes of Testimony, November 17, 2014 at 5.

[4] By February 12, 2015 order, this Court granted the AG an extension of time to file a responsive pleading.

February 10, 2015 order was void for failure to include findings and reasons for the adjudication. By April 22, 2015 order, this Court directed the AG to file an answer or other pleading within 30 days of the date of the order. On May 20, 2015, the AG filed preliminary objections to Jackson's Second Amended Petition.[5]

Initially, Pennsylvania Rule of Civil Procedure Number 1028(a) provides:

> Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) **lack of jurisdiction over the subject matter of the action** or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading;
>
> (4) **legal insufficiency of a pleading (demurrer)**;
>
> (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;

---

[5] This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

(6) pendency of a prior action or agreement for alternative dispute resolution;

(7) **failure to exercise or exhaust a statutory remedy**, and

(8) full, complete and adequate non-statutory remedy at law.

Pa.R.C.P. No. 1028(a) (emphasis added; notes omitted). Further,

[a] writ of mandamus is an extraordinary remedy used to compel official performance of a ministerial act when a petitioner establishes a clear legal right, the respondent has a corresponding duty, and the petitioner has no other adequate remedy at law. The purpose of mandamus is to enforce rights that have been clearly established.

*Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014) (citation omitted). "An objection which alleges the failure to pursue an adequate alternative remedy, therefore, raises a question of jurisdiction and is properly pleaded as a preliminary objection." *Merritt v. Mifflin Area Sch. Dist.*, 424 A.2d 572, 573 (Pa. Cmwlth. 1981).

The AG first argues that this Court lacks jurisdiction over Jackson's Second Amended Petition because Jackson failed to pursue an adequate alternative remedy. Specifically, the AG contends Jackson has a statutory right to appeal under Section 9152 of CHRIA, 18 Pa.C.S. § 9152. We agree.

Pursuant to Section 9152 of CHRIA, any individual is permitted to request to review his own criminal history. If a requester believes his criminal history is incorrect, he is permitted to challenge the accuracy of his criminal history. If the challenge is ruled invalid, the individual has the right to appeal from that decision to the Commonwealth Court. Specifically Section 9152(e) of CHRIA provides:

Appeals.—

(1) If the challenge is ruled invalid, an individual has the right to appeal the decision to the Attorney General within 30 days of notification of the decision by the criminal justice agency.

4

(2) The Attorney General shall conduct a hearing de novo in accordance with the Administrative Agency Law.[6]   The burden of proof shall be upon the party bearing the burden of proof on the challenge.

(3) **The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved individual.**

18 Pa.C.S. § 9152(e) (heading emphasis omitted; text emphasis added).

Here, the PSP ruled Jackson's challenge invalid on May 14, 2014. Jackson appealed from that ruling to the AG's office and an ALJ hearing was held on November 17, 2014.  On February 10, 2015, the ALJ denied Jackson's appeal.  By April 1, 2015 order, this Court preserved March 2, 2015 as the filing date for Jackson's appellate jurisdiction challenge to that order and **directed Jackson to file an appellate jurisdiction petition for review within 30 days of the order**.  Jackson did not file a petition for review in this Court's **appellate jurisdiction**, but rather filed his Second Amended Petition in this Court's **original jurisdiction**.

> The Commonwealth Court is a hybrid court, hearing some matters as a court of original jurisdiction and others in its appellate jurisdiction. The Judicial Code thus confines the jurisdiction of the Commonwealth Court to certain appeals from governmental agencies and courts of common pleas, and to certain matters commenced in the Commonwealth Court itself. *See* 42 Pa.C.S. §§ 761–764.  . . . **An appeal includes a proceeding on petition for review**, and is defined generally as any application to a court for review of a subordinate governmental determination. *See* 42 Pa.C.S. § 102 . . . .   In parallel, the Commonwealth Court has original jurisdiction over all civil actions against the Commonwealth government and over any civil actions, '[o]riginal jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.'  42 Pa.C.S. § 761(a)(1), (4).  A civil action includes any action at law. *See* 42 Pa.C.S. § 102 . . . .

---

[6] 2 Pa.C.S. §§ 101, 501–508, 701–704.

*Mercury Trucking v. Pa. Pub. Utility Comm'n.,* 55 A.3d 1056, 1068 (Pa. 2012) (emphasis added). Here, this Court expressly directed Jackson to file a petition for review in this Court's **appellate jurisdiction** and he did not. His failure to do so constituted a failure to exhaust his statutory right of appeal. Because Jackson had another "adequate remedy at law[,]" his Second Amended Petition is improper. *Tindell,* 87 A.3d at 1034. Consequently, since Jackson failed "to exercise or exhaust a statutory remedy[,]" this Court lacks jurisdiction over his claims. Pa.R.C.P. No. 1028(a)(7).

Accordingly, the AG's first preliminary objection is sustained, and Jackson's Second Amended Petition is dismissed.[7]

_____
ANNE E. COVEY, Judge

---

[7] Because the AG's first preliminary objection is sustained, we need not address the AG's second preliminary objection.

Hubert Jackson,                          :
                    Petitioner           :
                                         :
              v.                         :
                                         :
Kathleen G. Kane,                        :
PA Attorney General,                     :    No. 487 M.D. 2014
                    Respondent           :

## O R D E R

AND NOW, this 23rd day of December, 2015, Pennsylvania Attorney General Kathleen G. Kane's (AG) first Preliminary Objection to Hubert Jackson's (Jackson) Second Amended Petition for Writ of Mandamus Against the AG (Second Amended Petition) is sustained, and Jackson's Second Amended Petition is dismissed.

_____
ANNE E. COVEY, Judge