Jeffrey Tillman, : 
        Petitioner : 
  : 
  : 
    v. : 
  : 
Pennsylvania State Police, :   No. 478 C.D. 2016
        Respondent :   Submitted: September 23, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE             FILED: January 12, 2017


      Jeffrey Tillman (Tillman) petitions for review of a determination from an Administrative Law Judge (ALJ) of the Office of Attorney General (OAG), which denied Tillman a hearing on his appeal from the Pennsylvania State Police (PSP) on the basis that his appeal was untimely. Upon review, we reverse.

      On May 3, 2005, Tillman was arrested on several charges, including indecent assault and burglary. He entered a plea of nolo contendere to those two charges on January 7, 2008, the remaining charges having been withdrawn. On August 13, 2013, Tillman initiated a review of his criminal history record information as maintained by the PSP, alleging his indecent assault conviction should be removed because the sentence for that offense had been vacated. By letter dated September 4, 2013 from Ashley Wheeler (Wheeler), a Central Repository Reviewing Officer, Tillman was notified his nolo plea for indecent

assault was correctly reflected on his criminal history record. Tillman appealed to the OAG by letter dated October 27, 2014. On February 5, 2016, ALJ Lawrence Cherba dismissed Tillman's request for an evidentiary hearing on the basis it was untimely, having been filed 418 days after receipt of Wheeler's letter. This appeal followed.[1]

The PSP maintains the central repository, which is defined in the Criminal History Records Information Act (CHRIA)[2] as a "central location for the collection, compilation, maintenance and dissemination of criminal history record information…" 18 Pa.C.S. § 9102. Section 9113(b) of CHRIA requires courts to collect and submit criminal court dispositions as required by the Administrative Office of Pennsylvania Courts (AOPC). 18 Pa.C.S. § 9113(b). The AOPC is then required by CHRIA to "collect and submit to the central repository such information necessary to maintain complete and accurate criminal history record information." 18 Pa.C.S. § 9113(e).

Section 9151(a) of CHRIA grants to an individual the right to challenge the accuracy of his criminal history record information. 18 Pa.C.S. § 9151(a). Criminal justice agencies have sixty days to conduct a review of any challenge and bear the burden of proving the accuracy of the record. 18 Pa.C.S. § 9152(d). If the challenge is ruled invalid, an individual has the right to appeal that decision to the OAG within 30 days of notification of the decision by the criminal

---

[1] This Court's review of an order of an ALJ of the OAG relating to the Criminal History Records Information Act is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Dunbar v. Pa. State Police,* 902 A.2d 1002 (Pa. Cmwlth. 2006).

[2] 18 Pa.C.S. §§ 9101-9183.

justice agency.  PSP regulations governing a challenge to the accuracy of criminal history record information are set forth in 37 Pa.Code § 195.5. [3]

Tillman's arguments that his nolo contendere plea to indecent assault (and any consequential record of that conviction) should be vacated are not before this Court, and therefore will not be addressed.  The issue presented here is

---

[3] § 195.5.  Challenge.

(a) Enclosed along with the copy of the criminal history record information shall be a postage paid form – the Challenge Form – which is to be completed and returned within 30 days of the date the form is received by the subject of the criminal history record information and which states that the subject has reviewed the criminal history record information and that he understands that those portions of the record not challenged shall be presumed by law to be accurate.  The challenge form shall state in bold letters: "YOU HAVE 30 DAYS FROM THE DATE OF THIS NOTICE TO CHALLENGE THE ACCURACY OF THE INFORMATION CONTAINED HEREIN."

(b) An individual wishing to challenge the accuracy of the reviewed criminal history record information must, within 30 days of the date the information is received, submit the Challenge Form to the repository identifying therein the portion or portions being challenged and providing his correct version of his record and an explanation of why he believes his version to be correct.

(c) Upon receiving such written notification of a challenge, the repository maintaining the criminal history information being challenged shall conduct a review for accuracy, which review shall be completed within 60 days of the date the challenge is received.  The responding repository has the burden of showing the accuracy of the information; except that, when the information has been contributed by another repository, the contributing repository shall, upon request by the responding repository, verify or correct the information within 30 days of the date the request for verification is received.

(d) The findings of the repository shall be communicated to the individual.  If the repository determines that the record is correct, the repository shall so notify the individual and advise him of his right to appeal.  The notice and advice shall be delivered to the individual at the address on the Challenge Form.

….

3

whether the decision of the ALJ - that Tillman's appeal was untimely - should be affirmed. Most pertinent to the case *sub judice* is Tillman's claim that, when his challenge was deemed invalid, he was not apprised of his appellate rights as required by 37 Pa.Code § 195.5(d). We agree.

Section 195.5 sets forth two instances in which an individual must be notified of his right to appeal. In the first, a person requesting a review of his criminal history record information is, pursuant to Section 195.5(a), to be provided a copy of that information and a Challenge Form. A challenge to the accuracy of the criminal history record information must be made within thirty days from the date of the notice. Attached to the determination from Wheeler notifying Tillman his exceptions were invalid was a copy of the Challenge Form referenced in Section 195.5(a) and used by Tillman to challenge the accuracy of his criminal history information. (Certified Record (C.R.), Appendix 2.) The top right-hand corner of this form contains a notice that the requester has "30 days from the date of this notice to challenge the accuracy of the information contained herein." Tillman's challenge to the accuracy of his criminal history record information was time-stamped August 22, 2013, well before the August 31, 2013 deadline set forth on the Challenge Form.

Section 195.5(d) requires that the findings of the repository be communicated to the individual and, if the record is determined to be correct, the repository shall "so notify the individual and advise him of his right to appeal." The determination dated September 4, 2013, contains no such notification of the right to appeal. A challenge to the accuracy of criminal history record information is a separate and distinct process from an appeal of the subsequent determination that the challenge is invalid. The appeal notice for the first process cannot stand as

4

a replacement for the second. Because Tillman was not notified of his right to appeal following a determination that his challenge to the accuracy of his criminal history record information was invalid, or provided a time frame in which the appeal need be filed, we find that Tillman's appeal letter dated October 27, 2014 was not untimely. Accordingly, we reverse the decision of the ALJ and remand this matter for further proceedings consistent with this Opinion .


_____
JOSEPH M. COSGROVE, Judge


Judge Covey concurs in the result only.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Tillman,                          :
            Petitioner        :
                                   :
      v.                               :
                                   :
Pennsylvania State Police,                :   No. 478 C.D. 2016
            Respondent        :

## O R D E R

AND NOW, this 12th day of January, 2017, the order of the Administrative Law Judge of the Office of Attorney General is hereby reversed and this matter remanded for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge