IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Rahsaan Brooks,                    :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Pennsylvania State Police,                :    No. 122 C.D. 2017
                    Respondent            :    Submitted: June 23, 2017


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                     FILED: November 2, 2017


          George Brooks (Petitioner) petitions for review, *pro se*, of a January

10, 2017 decision of an administrative law judge (ALJ) of the Office of Attorney

General (OAG), which rejected Petitioner's challenge to the accuracy of his criminal

history record information (CHRI). Upon review, we affirm.

          Petitioner is currently incarcerated in the state correctional institution

located in Coal Township, Pennsylvania, where he is serving a life sentence for

second degree murder. On July 15, 2014, Petitioner initiated a review with the

Pennsylvania State Police (PSP) of his CHRI. PSP responded to Petitioner's request

on December 22, 2014 and provided him with a copy of his CHRI. Along with this

record, PSP provided Petitioner a form with which he could challenge the accuracy

of the CHRI. Petitioner filed a timely challenge, in which he alleged the November

11, 1975 arrest date set forth therein was inaccurate.

          PSP responded to Petitioner's challenge on February 12, 2015. PSP

determined Petitioner's challenge was invalid and his CHRI was accurate. Petitioner

filed a timely appeal with the OAG. Following an August 20, 2015 hearing, the ALJ

issued a decision in which he concluded the arrest date contained in Petitioner's CHRI is correct. This appeal followed.[1]

## DISCUSSION

The issue before this court is whether the ALJ's decision is supported by substantial evidence.

The PSP maintains the central repository, which is defined in CHRIA[2] as a "central location for the collection, compilation, maintenance and dissemination of criminal history record information…" 18 Pa.C.S. § 9102. Section 9113(b) of CHRIA requires courts to collect and submit criminal court dispositions as required by the Administrative Office of Pennsylvania Courts (AOPC). 18 Pa.C.S. § 9113(b). The AOPC is then required by CHRIA to "collect and submit to the central repository such information necessary to maintain complete and accurate criminal history record information." 18 Pa.C.S. § 9113(e).

Section 9151(a) of CHRIA grants to an individual the right to challenge the accuracy of his criminal history record information. 18 Pa.C.S. § 9151(a). Criminal justice agencies have sixty days to conduct a review of any challenge and bear the burden of proving the accuracy of the record. 18 Pa.C.S. § 9152(d). If the challenge is ruled invalid, an individual has the right to appeal that decision to the OAG within 30 days of notification of the decision by the criminal justice agency.

---

[1] This Court's review of an order of an ALJ of the OAG relating to the Criminal History Records Information Act (CHRIA) is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Dunbar v. Pennsylvania State Police,* 902 A.2d 1002 (Pa. Cmwlth. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ryan v. Unemployment Compensation Board of Review*, 547 A.2d 1283 (Pa. Cmwlth. 1988).

[2] 18 Pa.C.S. §§ 9101-9183.

2

18 Pa.C.S. § 9152(e)(1). PSP regulations governing a challenge to the accuracy of CHRI are set forth in 37 Pa.Code § 195.5.

Petitioner argues the decision of the ALJ regarding the accuracy of the arrest date set forth in his CHRI is not supported by substantial evidence. September 30, 1975 is the correct date of his arrest, Petitioner maintains, and not the November 11, 1975 date confirmed by the decision of the ALJ.[3] As indicated in his brief, Petitioner's sole support for his argument is the alleged sworn testimony of a detective named Frank Amity (Amity)[4] that he arrested Petitioner on September 30, 1975 for the assault and robbery of Michael Miller. (Petitioner's Brief at 22.)

While Petitioner explicitly denies he is attempting to collaterally attack the validity of his 1980 convictions for robbery and murder, he maintains in his brief he was "wrongfully convicted because the documents masquerading as indictments were fraudulent, altered and tampered with[,]" and "[i]t is difficult to imagine a case where a defendant can be found guilty for a crime the Grand Jury did not indict him on[.]" (Petitioner's Brief at 10, 21.) As the only issue before this Court is whether the decision of the ALJ is supported by substantial evidence, we cannot address alleged irregularities surrounding Petitioner's original conviction. If, indeed, there are irregularities in this conviction, the present matter is not the vehicle through which they may be addressed.

In his January 10, 2017 decision, the ALJ concluded the competent evidence of record revealed Petitioner was, in fact, convicted of murder and robbery

---

[3] While Petitioner asserts a September 30, 1975 arrest date in his brief, in his other filings, Petitioner contends the correct arrest date is October 1, 1975.

[4] In Petitioner's Motion to Supplement Criminal History Record Challenge, Petitioner refers instead to the sworn testimony of Robert Spozarski that Petitioner was arrested on October 1, 1975. (Certified Record (C.R.) Item 5 at 1.) Amity is listed as a witness on Petitioner's Grand Jury Indictment. *Id.*, Item 10, Exhibit G at 9.

3

as reflected in his CHRI and the records maintained by PSP were accurate and required no correction. (C.R., Item 21 at 2-3.)

The certified record contains an affidavit by Michael J. Healey (Healey), the attorney appointed to represent Petitioner for post-verdict motions and appeals filed for his criminal case. (C.R., Item 5, Exhibit B.) In this affidavit, Healey states that Petitioner was adamant that "Detective Spozarski" testified Petitioner was "officially arrested" on October 1, 1975. *Id.* at 1. The claim was denied on the premise Petitioner was officially arrested on November 11, 1975. *Id.*

In anticipation of the hearing before the ALJ, Petitioner submitted a partial transcript from the November 18, 1975 preliminary hearing held in Petitioner's criminal case. (C.R. Item 7.) Petitioner highlights testimony on page 31 of the transcript which indicates Petitioner was arrested on October 1, 1975. *Id.*, Exhibit A.

At the August 20, 2015 hearing, PSP submitted the following exhibits, without objection, relative to Petitioner's arrest date. Petitioner's criminal record dated July 15, 2014 indicated Petitioner was arrested on October 1, 1975 on charges of robbery, reckless endangerment, theft by unlawful taking, and aggravated assault. (C.R., Item 10, Exhibit A at 5.) The criminal record further indicates Petitioner was arrested on November 11, 1975 on charges of second degree murder and robbery. *Id.* at 5-6. Petitioner's fingerprint card indicated an arrest date of October 1, 1975. *Id.*, Exhibit B. A second fingerprint card exhibited an arrest date for Petitioner of November 11, 1975. *Id.*, Exhibit E. In a mug shot, Petitioner wears a placard showing a date of November 11, 1975. *Id.*, Exhibit F. Separate indictments dated December 16, 1975 and January 13, 1976 set forth arrest dates for Petitioner of October 1, 1975 and November 11, 1975, respectively. *Id.*, Exhibit G at 1, 7.

4

In his opening statement made at the August 20, 2015 hearing, Petitioner averred Detective Robert Spozarski testified at Petitioner's preliminary hearing that he arrested Petitioner on October 1, 1975. (C.R., Item 10, Transcript of Testimony (T.T.) at 45.) Petitioner subsequently alleged Amity changed his testimony regarding Petitioner's arrest date to "November the 11th, 1975 instead of October the 1st, 1975." *Id.* at 46. Petitioner acknowledged he was arrested on November 11, 1975, but that arrest was "nothing but a regurgitation of what [Petitioner] was already arrested for." *Id.* at 56.

Having reviewed the record before us, we are compelled to conclude it contains substantial evidence to support the ALJ's conclusion that Petitioner's CHRI is accurate as to the November 11, 1975 arrest date. Petitioner, in fact, was arrested on both that date and October 1, 1975. When Petitioner was arrested on October 1, 1975, the victim was still alive. The second indictment, resulting in the November 11, 1975 arrest, was precipitated by the victim's death. There is no record evidence which indicates Petitioner was arrested on September 30, 1975. Rather, that is the offense date set forth in the grand jury indictment, which ultimately led to Petitioner's convictions for robbery and second-degree murder. (C.R., Item 10, Exhibit G at 9.)

For these reasons, the January 10, 2017 order of the ALJ is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Rahsaan Brooks,          :
          Petitioner         :
                                   :
        v.                   :
                                   :
Pennsylvania State Police,        :    No. 122 C.D. 2017
          Respondent       :

PER CURIAM                      ORDER

AND NOW, this 2nd day of November, 2017, the January 10, 2017 order of the Administrative Law Judge of the Office of Attorney General is hereby affirmed.