**VALLEY TOWNSHIP**

v.

**CITY OF COATESVILLE, Richard A. Saha, Nancy K. Saha, David M. Den-Braven, Linda A. McCreary–DenBraven, Gary A. Hanna, Sr. and Marie Hanna.**

Appeal of: City of Coatesville.

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 2006.
Decided March 16, 2006.

Herbert Bass, Philadelphia and Andrew G. Lehr, West Chester, for appellant.

Alan J. Jarvis, Coatesville, for appellee, Valley Township.

Scott E. Yaw, Malvern, for appellee, Nancy K. Saha.

Before: PELLEGRINI, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The City of Coatesville (Condemnor) appeals from two orders of the Court of Common Pleas of Chester County (trial court)—one denying its motion for judgment on the pleadings, and the other granting in part the motion for summary judgment filed by Valley Township (Township) because Condemnor's condemnation of property owned by Richard A. and Nancy K. Saha (Sahas) constituted the subdivision of that property and required compliance with the provisions of the Municipalities Planning Code (MPC)[1] and Township Subdivision Ordinance (Subdivision Ordinance).

These parties have previously been before this Court on a related matter that is now pertinent to the present appeal. In the prior case, Condemnor authorized the acquisition of a portion of the Sahas' property on June 26, 2000, through the exercise of eminent domain for the purpose of creating "a public golf course and related facilities and other recreational uses comprising a regional family recreational complex" and filed a declaration of taking on August 2, 2000, condemning a portion of their property.[2] In response to the taking, the Sahas filed preliminary objections alleging that the Third Class City Code[3] did not authorize the taking of land by eminent domain for a golf course; the proposed use was not for a public purpose; Condemnor's plans had indicated that only nine acres of the Sahas' property would be taken; and the property taken was located outside of the City of Coatesville.

Condemnor filed an amended declaration of taking amending the purpose of the condemnation to the creation of "a public golf course and golf-related facilities." The Sahas filed a motion to strike the amended declaration alleging that the Eminent Domain Code[4] provided no authority for filing an amended declaration. The trial court issued an order dated January 11, 2002, sustaining that portion of the Sahas' preliminary objections challenging the adequacy of the stated purpose of the taking and requiring Condemnor to amend its declaration to specify the purpose for which the Sahas' land was to be taken. It also required Condemnor to amend its declaration of taking so that the property taken conformed to an application for subdivision approval by the Township and required Condemnor to submit an application for subdivision approval to the Township within 60 days of the order.

In a separate action, the Township filed a complaint in equity with the trial court seeking to block Condemnor's exercise of eminent domain alleging that Condemnor's partial condemnation of the Sahas' property was illegal and violated the MPC and the Township's Subdivision Ordinance because the taking constituted a subdivision of the property for which Condemnor did not obtain prior subdivision approval. It sought a declaration that the condemnation was invalid. In response, Condemnor filed preliminary objections arguing that it was not required to seek subdivision approval from the Township prior to condemning the property. The trial court

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

2. Condemnor also filed declarations of taking for portions of the properties owned by David M. DenBraven and Linda A. McCreary–Den-Braven and Gary A. Hanna, Sr. and Marie Hanna. The condemnations of their properties also resulted in litigation, but their cases were settled and discontinued and are not at issue in this case.

3. Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 35101–39701.

4. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903.

issued an order on January 11, 2002, overruling Condemnor's preliminary objections concluding that the Township had stated a justiciable claim because the partial condemnation was a regulatory subdivision requiring prior plan approval. The Township filed an amended complaint again arguing that Condemnor's taking constituted a subdivision of the property for which Condemnor did not obtain prior subdivision approval, and Condemnor had violated the Subdivision Ordinance and MPC. In response, Condemnor filed an answer with new matter alleging that it was not required to seek subdivision approval from the Township prior to condemning the property.

The parties filed cross appeals with this Court from the trial court's orders, and we issued an opinion in *In re: Condemnation by the City of Coatesville (Saha)*, 822 A.2d 846 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 576 Pa. 715, 839 A.2d 353 (2003), holding, *inter alia*,[5] that the Sahas' preliminary objections were waived regarding Condemnor's failure to ensure that the excepted parcel conformed to the Subdivision Ordinance because they were not raised in their preliminary objections. In footnote 11 of that decision, we went on to state that even though the Sahas' challenge as to whether the property taken conformed to the zoning and subdivision ordinances was not properly raised and, therefore, waived, nothing in the Eminent Domain Code required an

entity to file a subdivision application either before or after a declaration of taking was filed. We explained:

> Nothing in [Section 402 of the Eminent Domain Code][6] requires that a subdivision plan be filed. Moreover, once filed, the taking has occurred and compensation or estimated compensation is paid into court and title passes. If preliminary objections are filed, title still passes but not the right of possession until the preliminary objections are resolved. [Citation omitted.] If we were to hold that a subdivision application must be filed, we would be engrafting a requirement on the procedure that the General Assembly did not to make a taking effective.

839 A.2d at 852, n. 11. Based upon this footnote, Condemnor filed with the trial court a motion for judgment on the pleadings alleging that nothing in the Eminent Domain Code required an entity to file a subdivision application. The Township filed a responsive motion for summary judgment contending that the *Saha* footnote was merely dicta, and Condemnor's takings constituted subdivisions of the properties in violation of the Subdivision Ordinance and the MPC.

The day before arguments were to be held, the trial court issued an order dated March 22, 2004, denying Condemnor's motion for judgment on the pleadings and rejecting footnote 11 in *Saha* as a state-

---

5. We also held that the trial court properly allowed Condemnor to file a more specific amended declaration of taking because nothing in the Eminent Domain Code prohibited such an amendment, and that the taking of the Sahas' property for a public golf course and golf facilities was for a public use.

6. Section 402(a) of the Eminent Domain Code, 26 P.S. § 1–402(a), provides the following:

(a) Condemnation, under the power of condemnation given by law to a condemnor, which shall not be enlarged or diminished hereby, shall be effected only by the filing in court of a declaration of taking, with such security as may be required under section 403(a), and thereupon the title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of such filing, and the condemnor shall be entitled to possession as provided in section 407.

ment in the opinion which was wholly unnecessary to the decision, concerned an issue no party litigated in the case, and represented the view of only two members of the panel. Subsequently, the trial court issued two orders dated June 29, 2005: the first denied Condemnor's motion for judgment on the pleadings on the basis that the comments in footnote 11 of *Saha* were dicta. The second order granted in part and denied in part the motion for summary judgment entering judgment in favor of the Township against Condemnor because the condemnations constituted subdivision of the properties and required compliance with provisions of the MPC and the Subdivision Ordinance.[7]

In its second order, the trial court specified that the *Saha* decision did not address the issue before the trial court—whether Condemnor was required to obtain subdivision approval in connection with its condemnation of the Sahas' property. How-

ever, even if it was bound by footnote 11 in *Saha*, the trial court stated its conclusion that Condemnor was required to obtain subdivision approval pursuant to the MPC would not be inconsistent with that decision. It explained that Section 402 of the Eminent Domain Code did not require a municipality filing a declaration of taking to file a subdivision application in connection with that declaration; however, it did not exempt the municipality from other applicable law, in this case, Section 507 of the MPC,[8] which requires that subdivision development be done in accordance with any existing subdivision ordinance.[9] From those decisions, Condemnor filed an appeal which is presently before this Court. On August 30, 2005, subsequent to Condemnor's appeal, the trial court issued a decision stating that Condemnor had waived its right to appeal for failure to be concise in its statement of matters complained of on appeal.[10]

---

7. The trial court denied the Township's request for costs and attorneys fees but made no finding regarding the legality of the lots created by the condemnation.

8. 53 P.S. § 10507.

9. The trial court went on to state:
   [E]ven if the two statutes were irreconcilable, the applicable provisions of the MPC would prevail in this case over the applicable section of the Eminent Domain Code because the MPC was passed after the Eminent Domain Code. *See* 1 P.S. § 1936. Section 107 and 507 of the MPC were enacted in 1968 and then reenacted in 1988. The Eminent Domain Code, section 1–402 was enacted in 1964 and amended in 1969. The statutorily pronounced rules of construction provide that the later in time of two irreconcilable statues **shall** prevail. 1 P.S. § 1936. To best effectuate the intent of the legislature, the Court is guided by rules of construction enacted by the legislature. In this case, the rules of construction lead this Court to the conclusion that, to the extent that the MPC and the Eminent Domain Code are inconsistent, the MPC, as the later of the two statutes, controls. If,

   despite the evidence to the contrary, the legislature did not intend this result, it may amend the MPC to exempt entities exercising the powers of eminent domain from the requirements of section 507. (Emphasis in original.)
   (Trial court's June 29, 2005 order at 4.)

10. The trial court determined that all of the issues raised by Condemnor were waived on appeal because its concise statement, albeit only 14 paragraphs, incorporated all of the reasons set forth in its briefs as additional reasons the Court erred in its decisions. "Furthermore, paragraphs one (1) through five (5) contain background procedural history rather than issues for appeal. The City's concise statement again demonstrates the City's blatant disregard for the Rules of Appellate Procedure and particularly the direction to file with this Court a *concise* statement clearly setting forth the issues it intends to raise on appeal. By incorporating all arguments that have been made in the City's briefs in this case, the City has rendered its 'concise' statement meaningless and has opened the door to raise on appeal any issue even tangentially referenced in this Court." (Trial court's Au-

Condemnor contends that the trial court erred by refusing to follow this Court's decision in *Saha* that it was not required to obtain subdivision approval either before or after taking the Sahas' property and, instead, determining that our decision was merely dicta. "Judicial dictum" is "an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. Dicta has no precedential value." *City of Lower Burrell v. City of Lower Burrell Wage & Policy Committee*, 795 A.2d 432, 437 n. 7 (Pa.Cmwlth.2002).

We agree that footnote 11 in the *Saha* decision was dicta because it did not address a question that was directly involved in the appeal and was not briefed and argued by counsel for either side. What was at issue was a preliminary objection arguing that the Sahas waived any argument regarding Condemnor's conformance to the Township's Subdivision Ordinance because the Sahas failed to raise that argument in their complaint. Because the language in the footnote addressed the actual issue of whether an application for subdivision approval had to be filed either before or after a declaration of taking was filed, and, more particularly, only addressed the Eminent Domain Code, it was not essential to deciding the waiver issue on the preliminary objection.[11]

Condemnor then argues that even if the language in *Saha* was dicta, the trial court erred by finding that Section 402 of the Eminent Domain Code was superseded by the MPC, and subdivision approval was required prior to condemning the Sahas' property. Citing Section 501 of the MPC, 53 P.S. § 10501,[12] it contends that the MPC is merely an enabling statute that authorizes municipalities to adopt local ordinances for the purpose of regulating zoning, subdivisions and land developments and, therefore, imposes no independent duty upon Condemnor to obtain subdivision approval. We agree. While the MPC authorizes a local municipality to regulate subdivisions,[13] by doing so, it does not

gust 30, 2005 opinion at 1–2.) While we agree with the trial court that the statement of concise issues should not incorporate all of the reasons set forth in Condemnor's brief, the proper disposition is not to deem the issues waived that were raised in the statement, but to refuse to consider the additional issues raised in its brief by incorporation.

11. Condemnor also argues that the trial court placed the issue of subdivision approval before this Court in *Saha* because it issued an order requiring Condemnor to submit an application for subdivision approval to the Township stating: "The Amended declaration of taking shall be filed with this court not later than the 10th day next following approval of the City's application for subdivision approval." (Trial court's January 11, 2002 order.) This order neither raised the issue of subdivision approval before this Court in *Saha* nor preserved that issue in the present case because the only issue that was before this Court in *Saha* was whether the Sahas' preliminary objections to Condemnor's taking of their property should be granted, *and none of those preliminary objections raised the issue of Condemnor's conformance to the Township's Subdivision Ordinance.*

12. That section provides, in relevant part:
The governing body of each municipality may regulate subdivisions and land development within the municipality by enacting a subdivision and land development ordinance. The ordinance shall require that all subdivision and land development plats of land situated within the municipality shall be submitted for approval to the governing body or in lieu thereof to a planning agency designated in the ordinance for this purpose. All ·powers granted herein to the governing body or the planning agency shall be exercised in accordance with the provisions of the subdivision and land development ordinance.
53 P.S. § 10501.

13. Section 107 of the MPC, 53 P.S. § 10107, provides:
The division or redivision of a lot, tract or parcel of land by any means into two or

require Condemnor to obtain subdivision approval when it sought to condemn property. When the General Assembly enacted the Eminent Domain Code, it was quite emphatic that it was unaffected by other laws when it provided in Section 303 of the Eminent Domain Code that:

> It is intended by this act to provide *a complete and exclusive procedure and law to govern all condemnations of property for public purposes* and the assessment of damages therefore, except as provided in section 901 [regarding the saving clause applicable to procedures in the court of quarter sessions with respect to bridges, viaducts, culverts and roads] ... This act is not intended to enlarge or diminish the power of condemnation given by law to any condemnor. (Emphasis added.)

26 P.S. § 10303.

To reiterate, now as a holding:

Nothing in Section 402 of the Eminent Domain Code requires that a subdivision plan be filed. Once filed, the taking has occurred and compensation or estimated compensation is paid into court and title passes. If preliminary objections are filed, title still passes but not the right of possession until the preliminary objections are resolved. If we were to hold that a subdivision application must be filed, we would be engrafting a requirement on the procedure that the General Assembly did not to make a taking effective.

Because nothing in the Eminent Domain Code requires a filing for subdivision approval either before or after a condemnation, Condemnor was not required to file for subdivision approval prior to the condemnation, and the trial court erred in determining that Condemnor had to do so before filing a declaration of taking.

Accordingly, the two orders of the trial court dated June 29, 2005, are reversed.

## ORDER

AND NOW, this *16th* day of *March,* 2006, the two orders of the Court of Common Pleas of Chester County, dated June 26, 2005, are reversed.

---

more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, partition by the court for distribution to heirs or devisees, transfer of ownership or building or lot development. Section 507 of the MPC, 53 P.S. § 10507, further provides:

**Where a subdivision and land development ordinance has been enacted by a municipality under the authority of this article no** **subdivision or land development of any lot, tract or parcel of land shall be made,** no street, sanitary sewer, storm sewer, water main or other improvements in connection therewith shall be laid out, constructed, opened or dedicated for public use or travel, or for the common use of occupants of buildings abutting thereon, **except in accordance with the provisions of such ordinance.** (Emphasis added.)