Todd WILSON, Petitioner

v.

Commonwealth of PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Department of Corrections Commonwealth of Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 30, 2007.

Decided Feb. 15, 2008.

Todd A. Wilson, petitioner, pro se.

John C. Manning, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent, PA Board of Probation and Parole.

Debra Sue Rand, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent, Department of Corrections.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Before the court are preliminary objections filed by the Pennsylvania Board of Probation and Parole and Department of

Corrections to Todd Wilson's petition for review/mandamus.

The facts as averred in Wilson's petition for review are as follows. Wilson pleaded guilty to a charge of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. A related charge of corruption of minors was withdrawn.[1] The trial judge recommended Wilson for boot camp, but upon his arrival at SCI Houtzdale, Wilson was denied boot camp based on an institutional evaluation that he needed to complete the sex offender treatment program.

Wilson was evaluated for parole in February 2007, and parole was denied for the following reasons: minimization/denial of the nature and circumstances of the offense(s) committed, lack of remorse, negative recommendation made by the Department of Corrections, unacceptable compliance with prescribed institutional programs, need to participate in and complete additional institutional programs, and the interview with the hearing examiner. The parole denial decision informed Wilson that at his next parole interview, the Board would consider whether he successfully completed a treatment program for sex offenders and violence prevention, whether he received a favorable recommendation from the Department of Corrections, and whether he maintained a clear conduct record and completed the prescriptive programs.

Wilson avers that he has not been tried or convicted on the charge of corruption of minors and that he was 19 years old at the time of the offense. He avers that to participate in the sex offender treatment program, which runs at least 18 months, he is forced to admit guilt to an offense for which he was not convicted. He avers that respondents are violating his due process and Fifth Amendment rights. Wilson seeks mandamus against "either one or both respondents" and his request for relief appears to be limited to expungement of "the information" from his file[2] and such other relief as may be granted.

■■■ Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. *Sheffield v. Dep't of Corr.*, 894 A.2d 836 (Pa.Cmwlth.2006), *aff'd*, 594 Pa. 56, 934 A.2d 1161 (2007). Mandamus is not available to establish legal rights, but is appropriate only to enforce rights that have been established. *Feigley v. Dep't of Corr.*, 731 A.2d 220 (Pa.Cmwlth.1999). In considering preliminary objections, we must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Sheffield.* Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id.* We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Myers v. Ridge*, 712 A.2d 791, 794 (Pa.Cmwlth.1998).

---

1. Wilson does not disclose the circumstances surrounding the withdrawal of the charge.

2. Exhibits A through J (pertaining to his claim against the Department of Corrections) demonstrate that Wilson sought to resolve the matter with prison officials. The response informed Wilson that prison officials review an inmate's entire criminal history when recommending institutional programs. Wilson filed a grievance seeking to have information related to the corruption of minors charge removed from his file. The grievance was denied.

The Department of Corrections raises three objections: lack of original jurisdiction over a grievance challenge not involving a constitutional or statutory violation of Wilson's rights, lack of verification, and a demurrer. The Board raises two objections: lack of verification and a demurrer.

First, Wilson essentially contends that his Fifth Amendment right against self-incrimination is violated when, based on his refusal to participate in the sex offender treatment program, acknowledge his sexual history, and accept responsibility for past sexual misconduct and crimes, the Department of Corrections denies him a recommendation for parole and potential advancement toward eligibility for boot camp placement and the Board of Probation and Parole denies him parole even though he was not convicted of a sex offense.

■ The Fifth Amendment right against self-incrimination, which prohibits the government from compelling a person to give self-incriminating testimony in a criminal case, "does not terminate at the jailhouse door. But the fact of a valid conviction and the ensuing restrictions on liberty are essential to the Fifth Amendment analysis." *McKune v. Lile*, 536 U.S. 24, 36, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002). In determining whether the Kansas Department of Corrections' sexual abuse treatment program violated a convicted sex offender's constitutional privilege against self-incrimination, the United States Supreme Court concluded that a prison rehabilitation program that bears a rational relation to a legitimate penological objective does not violate the privilege against self-incrimination if the adverse

consequences for not participating are related to the program's objectives and do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* at 37–38, 122 S.Ct. 2017.

■ Applying these factors to the present facts, we must conclude that Wilson fails to state claim. The institutional sex offender treatment program furthers a legitimate penological objective of rehabilitating those who have been convicted of a sex offense and those whose crimes include a sexual component.[3] The adverse consequences identified by Wilson, *i.e.*, denial of parole and advancement to boot camp, do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *McKune; Weaver v. Pa. Bd. of Prob. and Parole*, 688 A.2d 766 (Pa.Cmwlth.1997). Wilson's choice to remain silent "is marked less by compulsion than by choices the Court has held give no rise to a self-incrimination claim." *McKune*, 536 U.S. at 41, 122 S.Ct. 2017. "[T]he government need not make the exercise of the Fifth Amendment privilege cost free." *Id.*

■ Wilson's claim that respondents are violating his due process rights by considering information concerning the charge of corruption of minors, a crime for which he was not tried and convicted, fails for the same reasons. An inmate has no liberty interest in being paroled, *Weaver*, in not being labeled a sex offender, or in not being required to participate in sex offender programming, *Folk v. Unknown Writers of the Penna. Const.*, 425 F.Supp.2d 663 (W.D.Pa.2005). Moreover, requiring an inmate to complete institu-

---

**3.** Although Wilson was not convicted of a sex offense (charges of corruption of a minor were withdrawn), prison staff explained to Wilson that he was recommended for sex offender treatment because the "official version" of his crime indicated that at the time of his arrest he was found naked, wearing a condom, and trying to initiate a sexual relationship with a 13–year–old girl. (Petition for Review, Exhibits B and D.)

tional programming that requires the inmate to admit guilt is not conscience shocking nor intended to injure the inmate in a way that is unjustified by a legitimate government interest. Id.

 To the extent that Wilson seeks to have information regarding the withdrawn charge of corruption of a minor and the circumstances surrounding his arrest expunged from his prison record, he cites no authority that would suggest that he has the right to have accurate information expunged from his criminal file. As the Department of Corrections correctly points out, Wilson does not challenge the accuracy of the information in question. Moreover, the Board is statutorily obligated to consider all information regarding the nature and circumstances of the offense for which an inmate's sentence was imposed and the inmate's complete criminal history. Section 19 of the law known as the Parole Act,[4] 61 P.S. § 331.19. The Board has no duty to modify its records at an inmate's request. *Smith v. Pa. Bd. of Prob. and Parole,* 129 Pa.Cmwlth. 606, 566 A.2d 643 (1989).[5]

Accordingly, based on our conclusion that Wilson has failed to state a claim, we sustain the objections in the nature of a demurrer, and dismiss the petition for review. The remaining preliminary objections are dismissed as moot.

### ORDER

AND NOW, this 15th day of February 2008, the respondents' preliminary objections in the nature of a demurrer in the above captioned matter are hereby SUSTAINED, and the petition for review is DISMISSED.

---

**4.** Act of August 6, 1941, P.L. 861, *as amended.*

Respondent Department of Corrections' Application for Relief in the Nature of a Motion to Strike Language in Petitioner's Brief is dismissed as moot.

---

**5.** Overruled in part on other grounds by *Awkakewakeyes v. Dep't of Corr.,* 142 Pa.Cmwlth. 232, 597 A.2d 210 (1991).