# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaurn Thomas,                           :
                                         :
                    Petitioner           :
                                         :
          v.                             :    No. 235 M.D. 2015
                                         :
Pennsylvania Board of Probation          :    Submitted: October 9, 2015
and Parole, John Tuttle, Eric Myers,     :
and Jane Doe,                            :
                                         :
                    Respondents          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge[1]
          HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED: January 7, 2016**

Before this Court for disposition in our original jurisdiction are the Preliminary Objections (POs) filed by the Pennsylvania Board of Probation and Parole (Board), John Tuttle, and Eric Myers (together, "Respondents") to the Amended Petition for Review in the Nature of a Writ of Mandamus (Amended

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

Petition) filed by Shaurn Thomas.[2]  Thomas makes the following allegations in his Amended Petition, which we accept as true.

Domingo Martinez was murdered in November 1990 in Philadelphia. (Amended Petition at ¶ 7.)  Based on a tip from an informant, John Stallworth was charged with first degree murder in connection with Martinez's death after which he falsely confessed and implicated others, including his brother William Stallworth, in the murder.  (Amended Petition at ¶¶ 8-9, 11.)  Thereafter, John Stallworth agreed to accept a plea to third degree murder in exchange for his testimony against others allegedly involved in the murder.  (Amended Petition at ¶ 11.)  William Stallworth initially denied that he was involved in the murder; however, when the police informed him that he could get the same deal as his brother John if he agreed to testify against others and that John would only get his deal if Thomas agreed to testify, William claimed he was involved and also implicated Thomas in the murder.  (Amended Petition at ¶¶ 12-13.)  Thomas went on trial for Martinez's murder in December 1994.  (Amended Petition at ¶ 14.)  Both John Stallworth and William Stallworth testified that: (1) William and "Thomas were in a car together at the murder scene on the morning of November 13, 1990;" (2) "three men in another car committed the murder;" and (3) "all six men involved from both cars fled the scene."  (Amended Petition at ¶ 14.)  "William Stallworth was the only witness to testify that he saw [Thomas] at the murder scene." (Amended Petition at ¶ 19.)

---

[2] Thomas alleges that Respondent John Tuttle is the acting chairman of the Board and that Respondents Eric Myers and Jane Doe are and/or were employees and/or agents of the Board.  (Amended Petition at ¶¶ 4-6.)

Although "Thomas is completely innocent of the murder of Domingo Martinez and was not even present at the murder scene,"[3] based on the testimony of John and William Stallworth, Thomas was convicted of second degree murder for Martinez's death. (Amended Petition at ¶¶ 19-20.) Thomas is now an inmate at SCI-Frackville, where he is serving a mandatory life sentence without the possibility of parole. (Amended Petition at ¶ 2.)

After pleading guilty to third degree murder, William Stallworth was released on parole in January 1999; however, he was later incarcerated for parole violations. (Amended Petition at ¶ 22.) In September 2011, while being interviewed at SCI-Retreat by an investigator for the Pennsylvania Innocence Project, William Stallworth recanted the testimony he had given at Thomas' December 1994 jury trial. (Amended Petition at ¶ 23.) William Stallworth informed the investigator that he lied during the trial to benefit himself and his brother John, that he did not know who murdered Martinez because he was not involved, and that he had no information regarding Thomas' involvement in the murder. (Amended Petition at ¶ 23.)

In November 2011, the Pennsylvania Innocence Project, on Thomas' behalf, filed for relief pursuant to the Post Conviction Relief Act (PCRA),[4] in the

---

[3] Thomas, who was sixteen at the time of Martinez's murder, alleges that he was arrested several hours before the murder and was attending a mandatory intake conference at the Philadelphia Youth Study Center, when the murder was committed. (Amended Petition at ¶¶ 13, 21.) Thomas alleges further that the records supporting this contention have been destroyed. (Amended Petition at ¶ 25.)

[4] 42 Pa. C.S. §§ 9541 – 9546.

Philadelphia County Court of Common Pleas (trial court). (Amended Petition at ¶ 24.) The PCRA relief was requested based on William Stallworth's recantation of his December 1994 testimony during Thomas' jury trial. (Amended Petition at ¶ 24.) In July 2012, the Commonwealth of Pennsylvania moved to dismiss Thomas' PCRA petition based, in part, on the Commonwealth's assertion "that William Stallworth's recantation is unreliable hearsay" that does not fall within "the declaration against penal interest exception to the hearsay rule." (Amended Petition at ¶ 27 (internal quotation marks omitted).) The trial court dismissed Thomas' PCRA petition on June 13, 2014. (Amended Petition at ¶ 28.) Thomas' appeal of the dismissal is currently pending before the Superior Court at Docket No. 1943 EDA 2014. (Amended Petition at ¶ 28.)

In July 2014, William Stallworth informed an investigator for the Pennsylvania Innocence Project during another interview at SCI-Retreat that when he recanted his trial testimony in 2011, he also informed employees and agents of the Board that he was not involved in Martinez's murder and that he fabricated his involvement. (Amended Petition at ¶ 30.) William Stallworth further claimed that "he was denied re-parole and kept in prison because he would no longer take responsibility for a crime he did not commit." (Amended Petition at ¶ 30.)

Thereafter, on July 16, 2014, Thomas' counsel attempted to secure all parole/probation records, including board action reports or green sheets, for William Stallworth through a Right-to-Know Law[5] (RTKL) request. (Amended

---

[5] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

Petition at ¶ 34.) The Board provided the requested green sheets and, in response, Thomas' counsel filed a second RTKL request seeking "the agent notes and any associated documents concerning William Stallworth's November 3, 2011 green sheet." (Amended Petition at ¶¶ 36-37.) The purpose of Thomas' request was to secure "the material exculpatory or impeachment evidence" Thomas believed the Board possessed. (Amended Petition at ¶ 38.) The Board denied Thomas' second RTKL request because the records sought by Thomas were not considered public pursuant to Section 305(a)(3) of the RTKL, 65 P.S. § 67.305(a)(3) (providing that a record is not presumed to be public if "the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree"). (Amended Petition at ¶ 38.) Thomas did not appeal the Board's denial of his second RTKL request because he believed he would not prevail since he agrees that the evidence he was seeking does not constitute public records.[6] (Amended Petition at ¶ 39.)

Because the Board "refused all requests for exculpatory material," Thomas filed a request for a remand with the Superior Court at Docket No. 1943 EDA 2014 "to permit [Thomas] to argue the newly-discovered evidence and to enforce a subpoena against the Board for production of the exculpatory evidence." (Amended Petition at ¶¶ 40-41.) By order filed December 11, 2014, the Superior Court denied Thomas' "Petition to Remand to the Court of Common Pleas for a Hearing Concerning After-Discovered Evidence." (Commonwealth v. Shaurn Thomas (Pa. Super., No. 1943 EDA 2014, filed December 11, 2014); Amended

---

[6] See 37 Pa. Code § 61.2 (governing confidentiality of records "in the Board's custody or possession touching on matters concerning a probationer or parolee").

5

Petition at ¶ 42.) The Superior Court's denial was without prejudice to Thomas' right to raise this issue in a motion in his brief in support of his appeal. (Thomas; Amended Petition at ¶ 62.)

In support of his request for mandamus relief from this Court, Thomas alleges that because the Superior Court denied his petition for remand he is left with no adequate remedy at law to obtain the exculpatory evidence in order to prove his innocence. (Amended Petition at ¶ 42.) Thomas alleges further that the Board, as a government agency, "has a duty to provide exculpatory evidence in its possession to a person accused of a crime" and that, without this evidence, he will be unable to prevail in his appeal before the Superior Court resulting in him being forced to spend the remainder of his life incarcerated. (Amended Petition at ¶¶ 43, 60). Thomas, citing the United States Supreme Court's decisions in Pennsylvania v. Ritchie, 480 U.S. 39 (1987), and Brady v. Maryland, 373 U.S. 83 (1963), alleges that due process requires that he is entitled to the exculpatory evidence found in the Board's files, even though the Board is not a prosecuting agency, "where there is a reasonable likelihood that the evidence would have changed the outcome at trial." (Amended Petition at ¶¶ 43-47.) Thus, Thomas seeks an order from this Court directing the Board to provide him "with all written and oral statements, recordings, reports, the names of witnesses, and other evidence documenting the statements of Pennsylvania inmate William Stallworth to officers and/or agents of the [Board] concerning the November 13, 1990 murder of Domingo Martinez for

6

which Mr. Stallworth was sentenced and imprisoned."[7]  (Amended Petition at ¶ 63.)

Respondents filed POs to Thomas' Amended Petition.[8]  Therein, Respondents object to Thomas' Amended Petition because he has not established the requirements for mandamus relief.  Specifically, Thomas has not shown that he has a clear right to relief, a corresponding duty in the government body, and the absence of any other adequate or appropriate remedy.[9]

As explained by this Court:

Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and

---

[7] Thomas also filed with this Court an Application for Preliminary Injunction to preserve the information he is seeking from the Board, to which Respondents filed an answer.  Because Respondents did not oppose the preliminary relief sought by Thomas, we entered the following Order on June 8, 2015:

NOW, June 8, 2015, upon consideration of petitioner's Application for Preliminary Injunction, and respondents' answer thereto, in which respondents do not oppose the relief sought in the Application for Preliminary Injunction, it is hereby ordered that the respondents are enjoined from destroying or otherwise disposing of the parole and probation records, statements, recordings, transcripts, documents, or any other material relating to William Stallworth, date of birth February 16, 1972, former inmate number CQ-9964. Respondents are further ordered to maintain all such material for the duration of the current litigation.

[8] Thomas filed an Answer to Respondents' POs.

[9] Respondents also objected to the Amended Petition on the basis that "Thomas does not allege that either Respondents Eric Myers or Jane Doe have [the] statewide policymaking responsibility required to invoke this Court's original jurisdiction."  (POs at ¶ 26.)  However, Respondents have now withdrawn this PO. (Respondents' Br. at 6 n.1.)

want of any other adequate and appropriate remedy. Mandamus is not available to establish legal rights, but is appropriate only to enforce rights that have been established. In considering preliminary objections, we must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.

Wilson v. Pennsylvania Board of Probation and Parole, 942 A.2d 270, 272 (Pa. Cmwlth. 2008) (citations omitted). With these principles in mind, we turn to the disposition of Respondents' POs.

We examine first whether Thomas has shown the "want of any other adequate and appropriate remedy." Id. Respondents argue that Thomas has not met this requirement because, by his own admission, Thomas is currently litigating his PCRA claim on appeal before the Superior Court. Respondents contend that if the Superior Court reverses the dismissal of Thomas' PCRA petition or remands for a new hearing, this remedy would provide Thomas with a more adequate or appropriate remedy to obtain the information he is seeking to challenge his criminal conviction. Respondents assert that Thomas also has a pending application to file a second or successive petition for habeas corpus with the United States Court of Appeals for the Third Circuit. If his petition is successful, Respondents contend, Thomas will be permitted to pursue a federal habeas corpus petition with the possibility of a hearing to prove that he was erroneously convicted of Martinez's murder. Respondents assert further that because this Court, by our June 8, 2015 Order, have "already ordered the Board to preserve all evidence in William Stallworth's parole file . . . , any risk of [spoliation] of evidence has been

8

alleviated and either the PCRA court or the federal habeas corpus court would have the authority to compel disclosure of any relevant records." (Respondents' Br. at 12.) For these reasons, Respondents request that we sustain the POs and dismiss Thomas' Amended Petition or "[i]n the alternative, the instant action should be held in abeyance pending the outcome of Thomas' PCRA appeal and federal habeas corpus litigation." (Respondents' Br. at 14.)

In response, Thomas argues that he has no adequate remedy that would provide him with the evidence he needs that is contained in the Board's files. First, Thomas contends that it is speculative if the Superior Court will reverse the dismissal of his PCRA petition and remand for a new hearing on his conviction. Thomas contends that the trial court denied discovery in his PCRA action; thus, even if the Superior Court does reverse and remand to the trial court, the only means he has to file the necessary certifications in order to present the new evidence is to first learn the details of the information the Board possesses in William Stallworth's parole file. Thomas asserts further that if the Superior Court does not reverse, he will be forever barred from securing the evidence hidden in the Board's files.

Second, Thomas asserts that an appeal from the denial of his RTKL request would be futile and a waste of time because there is no question that the Office of Open Records would be "duty-bound to deny the request . . . and the principle of *stare decisis* demands that this Court affirm that decision." (Thomas' Br. at 30-31.) Finally, Thomas argues that it is pure speculation to assume that Thomas' application for permission to file a second or successive federal habeas corpus

petition will be granted by the Third Circuit and, even if it is granted, Thomas must have the evidence in hand in order to file his habeas corpus action.

Based on the allegations of Thomas' Amended Petition, Thomas currently has an adequate and appropriate remedy available; specifically, his appeal of the trial court's dismissal of his PCRA petition that is now pending before the Pennsylvania Superior Court. As Thomas admits, his request for a remand was denied without prejudice to raise the issue in his brief on the merits of his appeal to the Superior Court. As such, his request to "argue the newly-discovered evidence and to enforce a subpoena against the Board for production of the exculpatory evidence" may be raised in his brief on the merits to the Superior Court, which can determine whether a remand is warranted for that purpose. If this issue is resolved in Thomas' favor, the Superior Court could remand to the trial court to review, *in camera*, the information contained in the Board's files to determine whether it contained information that probably would have changed the outcome of trial. See Ritchie, 480 U.S. at 58 (holding that defendant had a right to have information contained in file possessed by Children and Youth Services reviewed *in camera* by trial court to determine whether the information "probably would have change the outcome of [defendant's] trial, and if so, the defendant "must be given a new trial"). This is the same remedy which Thomas is requesting in this action; therefore, at this time, he has an adequate remedy.

Notwithstanding the fact that Thomas appears to have an adequate remedy *at this time*, by requesting that this matter be held in abeyance, Respondents recognize both that the Board may ultimately be required to provide the

10

information Thomas is seeking in this action if he prevails before the Superior Court or federal courts, and so the injunction issued by this Court should continue, and also, that if Thomas is not successful in these other forums, he would no longer have an adequate remedy and, therefore, might be entitled to mandamus relief. Given this recognition, we will order that the disposition of the POs be held in abeyance pending the outcome of Thomas' PCRA appeal currently pending before the Superior Court and/or the outcome of Thomas' application for permission to file a second or successive federal habeas corpus petition currently pending before the Third Circuit. We will further direct that Thomas file a status report advising this Court of the status of these actions within ninety (90) days of the date of our Order.[10] Thomas is also directed to advise this Court of any final disposition of the actions in the other forums within thirty (30) days of such disposition or shall file a status report by June 30, 2016 in the event those actions remain pending at that time.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[10] Based on our disposition, we need not address whether Thomas has established the other requirements for mandamus relief.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaurn Thomas,        :
           :
           Petitioner       :
           :
           v.            :     No. 235 M.D. 2015
           :
Pennsylvania Board of Probation   :
and Parole, John Tuttle, Eric Myers,   :
and Jane Doe,           :
           :
           Respondents   :

## O R D E R

**NOW**, January 7, 2016, upon consideration of Respondents' Preliminary Objections to Shaurn Thomas' Amended Petition for Review in the Nature of a Writ of Mandamus, it is hereby **ORDERED** that disposition of the Preliminary Objections is **HELD IN ABEYANCE** pending the outcome of Thomas' Post Conviction Relief Act appeal currently pending before the Pennsylvania Superior Court at Docket No. 1943 EDA 2014 and/or the outcome of Thomas' "Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)" currently pending before the United States Court of Appeals for the Third Circuit at Docket No. 12-3737. Shaurn Thomas is **DIRECTED** to file a status report advising this Court of the status of these actions within ninety (90) days of this Order. Shaurn Thomas is further **DIRECTED** to advise this Court of any final disposition of the actions in the other forums within thirty (30) days of such disposition or shall file a status report by June 30, 2016 in the event those actions remain pending at that time.

 

_____
**RENÉE COHN JUBELIRER, Judge**