# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss, : 
        Petitioner : 
     : 
      v. : No. 356 M.D. 2017
     : Submitted: January 5, 2018
Pennsylvania Board of Probation : 
and Parole, : 
        Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED: April 25, 2018**


      Before this Court is the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board) to the petition for review filed by Craig Moss (Petitioner). In his petition for review, Petitioner seeks a writ of mandamus compelling the Board to release a detainer lodged against him and related injunctive and declaratory relief. For the reasons stated below, this Court grants the preliminary objection and dismisses the petition for review.

      Petitioner filed a *pro se* petition for review in this Court's original jurisdiction on August 11, 2017. In the petition, Petitioner alleges that the Board lodged a detainer against him on January 15, 2017 after he was arrested in York

County and charged with Terroristic Threats, Possession of an Instrument of a Crime and Simple Assault. (Petition for Review ¶5, Ex. A.) Petitioner alleges that he was on parole since April 2008, that he did not violate the terms of his parole and that he had been gainfully employed prior to his arrest and posed no threat to the Commonwealth. (*Id.* ¶¶7, 33, 38-39, 43.) Petitioner alleges that the criminal charges were based solely on the allegations of an Officer Miller in the affidavit of probable cause and that these allegations were undermined by testimony of others at his March 1, 2017 preliminary hearing. (*Id.* ¶¶6, 12.) Petitioner alleges that he has not been afforded a detention hearing since the preliminary hearing by which he could contest the basis of his detention and the unfounded criminal allegations against him. (*Id.* ¶¶13, 33.)

Petitioner alleges that he has been harmed due to the Board's actions because he has been unlawfully detained; unable to pay his mortgage on time and to communicate with his mortgage lender, which may lead to the foreclosure of his home; unable to participate in the Commonwealth's Homeowners' Emergency Mortgage Assistance Program (HEMAP); unable to provide for his family, including his five children; and unable to prepare for the criminal trial. (Petition for Review ¶¶12, 14-15, 25-26, 28, 30-33, 37.) Petitioner asserts that the Board's actions have violated various rights guaranteed to him by the United States and Pennsylvania Constitutions, including the rights to due process, to a fair and speedy trial, to be tried by a jury and to compulsory process to obtain witnesses in his favor and the prohibitions on cruel and unusual punishment and excessive bail. (*Id.* ¶¶9-10, 15-16, 20-24, 27, 29-30, 32 (citing U.S. Const. amends. IV-VI, VIII, XIV; Pa. Const. art. I, §§ 1, 9, 12, 14-15, 17, 26).)

Petitioner requests that this Court enter an order compelling the Board to lift his detainer and reinstate his parole so that he may be released on bail. (Petition for Review ¶¶44-45.) Petitioner requests that this Court order further injunctive relief requiring the Board to (i) transport him to meet with a HEMAP representative so that he may attempt to enroll in that program; (ii) pay all of his past-due mortgage payments; and (iii) pay for a private investigator, medical expert and audiologist for his upcoming criminal trial. (*Id.* ¶¶46-48.) In addition, Petitioner requests that this Court enter an order stating that the Board's actions violated the United States and Pennsylvania Constitutions. (*Id.* ¶¶49-50.)

In its preliminary objection to the petition for review, the Board argues that Petitioner is not entitled to a writ of mandamus because he has failed to show that he has a clear legal right to have the detainer lifted or that the Board has a duty to do so.[1] A writ of mandamus is an extraordinary remedy that is used to compel a ministerial act or a mandatory duty. *McCray v. Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005); *Wilson v. Pennsylvania Board of Probation and Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). Mandamus may only be granted where (i) there is a clear legal right in the petitioner, (ii) a corresponding duty in the respondent, and (iii) no other adequate and appropriate remedy. *McCray*, 872 A.2d at 1131; *Wilson*, 942 A.2d at 272. The writ of mandamus is only available to enforce

---

[1] When reviewing preliminary objections to a petition for review in our original jurisdiction, this Court must treat as true all well-pleaded, material and relevant facts together with any reasonable inference that can be drawn from those facts. *McGinley v. Pennsylvania Board of Probation and Parole*, 90 A.3d 83, 87 (Pa. Cmwlth. 2014); *Wilson v. Pennsylvania Board of Probation and Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). Preliminary objections will be sustained only where it is clear and free from doubt that the pleaded facts are legally insufficient to establish a right to relief. *McGinley*, 90 A.3d at 87-88; *Wilson*, 942 A.2d at 272. A preliminary objection in the nature of a demurrer will be sustained only in cases where it is clear and free from doubt that the law permits no recovery under the allegations pleaded. *Nieves v. Pennsylvania Board of Probation and Parole*, 983 A.2d 236, 239 n.1 (Pa. Cmwlth. 2009).

a recognized legal right and may not be used to establish a legal right. *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014); *Wilson*, 942 A.2d at 272.

We agree with the Board that Petitioner's mandamus claim is legally insufficient. First, Petitioner's averments do not support a conclusion that he has a clear legal right to have his detainer lifted. The Prisons and Parole Code and the Board's regulations plainly permit the Board to detain a parolee who commits a criminal offense while on parole. Pursuant to the Prisons and Parole Code, "[p]arole shall be subject in every instance to the Commonwealth's right to immediately retake and hold in custody without further proceedings any parolee charged after his parole with an additional offense until a determination can be made whether to continue his parole status." 61 Pa. C.S. § 6137(a)(2). Board regulations provide that every parolee must, as a condition of parole, comply with municipal, county, State and Federal criminal statutes as a condition of parole and must refrain from "assaultive behavior." 37 Pa. Code § 63.4(4), (5)(iii). Board regulations further provide that, "[i]f the parolee violates the conditions of parole, at a time during his period on parole, the Board may cause his detention or return to a correctional institution."[2] 37 Pa. Code § 63.3; *see also* 37 Pa. Code § 65.5(2) (providing that the Board may detain parolees who are arrested when released on special parole). There is no dispute in this matter that Petitioner was arrested and charged with new criminal offenses in January 2017 and that he was on parole by the Board at the time of his

---

[2] If Petitioner is found guilty of the felony or misdemeanor charges against him, the Board may, at its discretion, recommit him as a convicted parole violator to serve the remainder of his outstanding sentence with no credit for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(1)-(2.1).

4

arrest. The Board accordingly acted within its authority when it detained him pending the resolution of his new criminal charges.

Petitioner asserts that the Board violated various provisions of the United States and Pennsylvania Constitutions by refusing to lift the detainer. When alleging a constitutional violation as a basis for a mandamus claim, a petitioner is required to plead sufficient facts showing that the challenged action clearly and unambiguously violated the constitutionally secured right. *Nickson v. Pennsylvania Board of Probation and Parole*, 880 A.2d 21, 24 (Pa. Cmwlth. 2005). Petitioner has failed to make such a showing, citing no cases holding that the Board's filing of a warrant to detain a parolee based on new criminal charges violates his constitutional rights. To the extent Petitioner argues that the detainer interferes with his ability to be released on bail on his new criminal charges, our Supreme Court has held that the Board's lodging of a detainer against a parolee based on the filing of new criminal charges does not violate the parolee's right to bail as it does not preclude the setting of bail on the new charges. *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 384 (Pa. 1980); *see also Kunkelman v. Pennsylvania Board of Probation and Parole*, 396 A.2d 898, 899 (Pa. Cmwlth. 1979). Furthermore, we note that courts have rejected the argument that the Board's lodging of a detainer against a parolee arrested on new charges violates due process because the detainer does not deprive the parolee of an absolute right to liberty, but only the conditional liberty dependent on observance of conditions of parole to which he was subjected. *Lee v. Pennsylvania Board of Probation and Parole*, 467 F. Supp. 1043, 1046 (E.D. Pa. 1979); *Burgess v. Roth*, 387 F. Supp. 1155, 1162 (E.D. Pa. 1975).

Furthermore, Petitioner's allegation that the Board has a duty to lift the detainer against him is similarly meritless. In cases where the parolee is charged

5

with new charges for violation of the laws of the Commonwealth, the new charges constitute a 15-day automatic detainer on the parolee. 61 Pa. C.S. § 6138(b)(1)-(2). Once the 15-day period lapses, however, the automatic detainer dissolves and the decision of whether to maintain or lift a detainer on the parolee is within the discretion of the Board. 61 Pa. C.S. § 6138(b)(2); 37 Pa. Code § 63.3 ("If the parolee violates the conditions of parole, at a time during his period on parole, the Board may cause his detention or return to a correctional institution.") (emphasis added); *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) ("where a parolee is arrested while on parole, the Board is permitted, at its discretion, to place a detainer against the parolee that will 'prevent the parolee from making bail pending the disposition of the new charges or other action of the court.'"). A writ of mandamus is unsuitable to compel an agency "to direct [the Board] to exercise its judgment or discretion in a particular way or direct the retraction or reversal of an action already taken." *Nickson*, 880 A.2d at 24. Mandamus is only appropriate "when, under a correct interpretation of [the] law, the agency has an absolute ministerial duty—no choice—to act in a certain way." *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997) (*en banc*). Thus, this Court has repeatedly held that mandamus will not lie to compel the Board to re-parole a prisoner when that decision is a matter of discretion. *See, e.g.*, *Evans v. Pennsylvania Board of Probation and Parole*, 820 A.2d 904, 915 (Pa. Cmwlth. 2013); *Nickson*, 880 A.2d at 23. Similarly, here, the decision of whether to lift a detainer on a parolee who is arrested on new criminal charges in violation of the conditions of his parole is a discretionary act as to which mandamus will not lie.

6

Accordingly, Petitioner has not adequately pleaded a claim for a writ of mandamus and the Board's preliminary objection is sustained. As Petitioner's requests for injunctive and declaratory relief are based on the allegations that the Board violated Petitioner's constitutional rights, these claims are also legally insufficient.

The petition for review is dismissed.

_____
JAMES GARDNER COLINS, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss,                                    :
                    Petitioner                  :
                                               :
          v.                                   :       No. 356 M.D. 2017
                                               :
Pennsylvania Board of Probation                :
and Parole,                                    :
                    Respondent                  :

# **O R D E R**


AND NOW, this 25th day of April, 2018, the preliminary objection of the Pennsylvania Board of Probation and Parole is SUSTAINED, and the petition for review filed by Petitioner Craig Moss is DISMISSED.


_____
JAMES GARDNER COLINS, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss, : 
               Petitioner : 
:   No.  356 M.D. 2017
v. : 
:   Submitted: January 5, 2018
Pennsylvania Board of Probation : 
and Parole, : 
               Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

CONCURRING OPINION
BY JUDGE McCULLOUGH                    FILED:  April 25, 2018

While I agree with the result reached by the Majority, I write separately to state my concerns regarding the continued detention of Craig Moss (Petitioner), which may be in violation of his constitutional rights.  More specifically, the record indicates that Petitioner was arrested and charged with new criminal offenses on January 15, 2017.  That same day, the Pennsylvania Board of Probation and Parole (Board) lodged its detainer against him.  As of September 20, 2017, the record indicated that Petitioner remained incarcerated without any final disposition of his new criminal charges.  Further, Petitioner alleged that he remained incarcerated solely on the Board's warrant and, as a result of this incarceration, may lose his home to foreclosure, thereby displacing his wife and children.

Pennsylvania Rule of Criminal Procedure (Pa.R.Crim.P.) 600(B)(1) provides that "no defendant shall be held in pretrial incarceration in excess of . . . 180 days from the date on which the complaint is filed." As our Supreme Court has explained, it adopted Pa.R.Crim.P. 600 "to protect defendants' constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution." *Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012); *see also Commonwealth v. Mills*, 162 A.3d 323, 324 (Pa. 2017) (discussing the 365-day rule for commencement of a court case against a defendant under Pa.R.Crim.P. 600(A)(2)(a) and the manner in which these days are computed). Although not dispositive of the present preliminary objections raised by the Board, which the Majority appropriately sustains, I would urge the Board to consider such facts in this and any future matters wherein a detainer is lodged against a defendant.

_____
PATRICIA A. McCULLOUGH, Judge