J-S69026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                         :                 PENNSYLVANIA
                         :
           v.               :
                         :
                         :
JUAN CARLOS GONZALEZ       :
                         :
          Appellant         :    No. 133 MDA 2018

Appeal from the PCRA Order December 21, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002032-2012,
CP-36-CR-0002033-2012

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:           **FILED NOVEMBER 16, 2018**

Juan Carlos Gonzalez appeals, *pro se*, from the order, entered in the
Court of Common Pleas of Lancaster County, denying his petition filed
pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-
9546. Upon careful review, we affirm.

Gonzalez's convictions stem from multiple robberies he committed in
late 2011 and early 2012. He entered pleas of guilty to a total of four counts
of robbery and one count of conspiracy to commit robbery at two separate
bills and was sentenced to an aggregate term of imprisonment of 17 to 34
years. This Court affirmed his judgment of sentence on September 27, 2013.

Gonzalez filed his first PCRA petition in 2014, raising claims invoking
***Alleyne v. United States***, 570 U.S. 99 (2013), and ***Commonwealth v.***

*Newman*, 99 A.3d 86 (Pa. Super. 2014) (en banc).[1]  The court determined that he was entitled to relief and, after a new sentencing hearing, resentenced him to 17 to 34 years' imprisonment on November 16, 2015.  Gonzalez appealed his new sentence and court-appointed counsel filed a motion to withdraw pursuant to *Anders*/*Santiago*.[2]  On August 31, 2016, this Court affirmed Gonzalez's judgment of sentence and granted counsel's motion to withdraw.

On April 12, 2017, Gonzalez filed a timely PCRA petition and the court appointed counsel.  On August 23, 2017, counsel filed a *Turner*/*Finley*[3] "no-merit" letter and motion to withdraw as counsel.  On October 23, 2017, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P 907.  Gonzalez did not respond and, by order dated December 21, 2017, the PCRA court dismissed his petition.

This timely appeal follows, in which Gonzalez raises the following issues for our review:[4]

---

[1] In *Alleyne*, the U.S. Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory minimum sentence must be submitted to a jury.  In *Newman*, this Court held that *Alleyne* would apply retroactively to case pending on direct appeal when *Alleyne* was issued.

[2] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] We have rephrased and consolidated Gonzalez's claims for ease of disposition.

1. Gonzalez's plea was not entered knowingly and intelligently because plea counsel misled him as to his possible sentence.

2. Counsel was ineffective for failing to present mitigating factors at sentencing.

Brief of Appellant, at 4.

We begin by noting our scope and standard of review in this matter:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. ***Id.*** We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. ***Id.*** This Court may affirm a PCRA court's decision on any grounds if the record supports it. ***Id.*** Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. ***Commonwealth v. Paddy***, [] 15 A.3d 431, 442 ([Pa.] 2011); ***Commonwealth v. Reaves***, [] 923 A.2d 1119, 1124 ([Pa.] 2007). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. ***Commonwealth v. Colavita***, [] 993 A.2d 874, 886 ([Pa.] 2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Both of Gonzalez's claims assert the ineffectiveness of counsel.

Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

To [prevail on a claim of] ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's

- 3 -

act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

*Id.*

Gonzalez first asserts that his guilty plea was not knowing or intelligent because counsel incorrectly advised him that he would receive a sentence of 6½ to 15 years. Gonzalez is entitled to no relief.[5]

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Where a defendant enters a plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and internal quotation marks omitted).

---

[5] While the PCRA court and the Commonwealth both assert that the voluntariness of Gonzalez's sentence has been previously litigated, we disagree. In our August 31, 2016 memorandum decision disposing of Gonzalez's appeal after resentencing, we stated the following: "Appellant has not challenged the validity of his guilty plea, and we agree with counsel that the oral colloquy conducted by the trial court at the time of Appellant's plea was sufficient to assure that the plea was properly made." *Commonwealth v. Gonzalez*, 2072 MDA 2015 (Pa. Super. filed 8/31/16) (unpublished memorandum). However, as we noted, Gonzalez had not challenged the validity of his guilty plea in that appeal and, thus, our statement was mere *dicta*. *Dicta* is "an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. *Dicta* has no precedential value." *Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 1246 (Pa. 2015), quoting *Valley Twp. v. City of Coatesville*, 894 A.2d 885, 889 (Pa. Cmwlth. 2006). Accordingly, the validity of Gonzalez's plea has not been previously litigated.

In **Commonwealth v. Allen**, 732 A.2d 582, 587 (Pa. 1999), our Supreme Court stated:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

**Id.** (citations omitted). To establish prejudice, a petitioner must plead and prove that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quotation marks and citations omitted).

A valid guilty plea colloquy must delve into six areas: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the maximum sentencing ranges; and (6) the plea court's power to deviate from any recommended sentence. **See Commonwealth v. Flanagan**, 854 A.2d 489, 500 n.8 (Pa. 2004); Pa.R.Crim.P. 590 cmt. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations omitted). Furthermore, nothing in Rule 590 precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. **Id.** at 1212-13; **see also** Pa.R.Crim.P. 590,

cmt. Finally, a defendant "who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, Gonzalez claims that "any counsel[,] along with the common pleas court[,] could have and should have almost immediately detected [his] limitations" with regard to his ability to read, write and understand English. Brief of Appellant, at 7. Gonzalez further argues that "the record does not reflect that [he] was made aware . . . that [he] faced such time to which he was sentence[d]." *Id.* Gonzalez is entitled to no relief.

At the guilty plea hearing in this matter, the court engaged in a lengthy colloquy with Gonzalez, who communicated with the court in English throughout the process. During the colloquy, the court advised Gonzalez of the maximum possible sentence for each charge, as well as the aggregate maximum that he faced. *See* N.T. Guilty Plea, 10/10/12, at 3-5. The court further advised him of the nature of the charges against him; the factual bases for the plea; the right to a jury trial; and the presumption of innocence. *Id.* at 3-4, 6. Additionally, the following exchange occurred between the court and Gonzalez:

THE COURT: Whose decision is it to plead guilty here?
THE DEFENDANT: Mine.

THE COURT:  Has anyone made any representation to you as to what my sentence is going to be in return for your guilty plea?

THE DEFENDANT:  (No audible response.)

THE COURT:  No?

THE DEFENDANT:  No.

THE COURT:  Has anyone made any threats against you in return for your plea?

THE DEFENDANT:  No.

THE COURT:  Are you satisfied with Mr. Cooper's representation?

THE DEFENDANT:  Yep.

*Id.* at 7.  Gonzalez also admitted to the crimes, stating that he was "sorry for what I did.  I didn't mean to do it, you know.  I apologize." *Id.* at 11.  Finally, Gonzalez completed a written plea colloquy, which he reviewed with his counsel. *See id.* at 5.

In sum, Gonzalez's claim that "there was no basis for him to plead guilty," Brief of Appellant, at 7, and that he was unaware of the possible sentence that he faced is belied by the record.  Because the record demonstrates that Gonzalez's plea was entered knowingly, voluntarily and intelligently, he cannot demonstrate that plea counsel was ineffective. *Allen*, *supra*.

Gonzalez next asserts that counsel was ineffective for failing to present mitigating factors at sentencing.  Specifically, Gonzalez claims that counsel should have emphasized that, in committing the robberies, he used a BB gun which was never pointed at anyone and that he was addicted to heroin at the

time he committed his crimes. Because Gonzalez's claim has been previously litigated, he is entitled to no relief. *See* 42 Pa.C.S.A. § 9543(a)(3).

In his initial direct appeal to this Court, Gonzalez claimed, *inter alia*, that the court did not adequately consider mitigating factors. As this Court has repeatedly held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review, *see Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010), we concluded that his claim did not raise a substantial question. Accordingly, "the highest appellate court in which [Gonzalez] could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).[6] Although Gonzalez was subsequently resentenced to correct an *Alleyne* violation, Gonzalez's original sentence – which had already been upheld by this court – was reimposed. Because previously-litigated claims may not form

---

[6] Although we concluded Gonzalez did not raise a substantial question, we went on to address the merits of the claim and found that:

> the court's statements demonstrate that it considered [Gonzalez's] personal characteristics, history, and other mitigating factors. However, the court chose not to weigh those factors as heavily as [Gonzalez's] prior criminal history, his failure to rehabilitate himself, and the threat he poses to society. This does not amount to an abuse of the court's discretion, especially where the court had the benefit of a presentence report and imposed standard range sentences.

*Gonzalez*, *supra* at 7.

Moreover, Gonzalez's original sentencing transcript reveals that counsel did, in fact, raise the issue of his heroin addiction, as well as the fact that he used a BB gun and did not point it at anyone during the robberies. *See* N.T. Guilty Plea/Sentencing, 10/10/12, at 9-10.

a basis for PCRA relief, **see** 42 Pa.C.S.A. § 9543(a)(3), Gonzalez's claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2018